OPINION OF THE COURT
Benjamin Altman, J.
The court grants a Ponder hearing to determine whether the defendant has standing (People v Ponder, 54 NY2d 160).
The defendant was indicted for two counts of criminal sale of a controlled substance in the third degree and other crimes. The narcotic drugs were found in an apartment. Defendant asks for a'Mapp hearing, stating that the drugs were found in his apartment. The People oppose, saying that defendant has no standing. (United States v Salvucci, 448 US 83.) The People argue that the apartment in which the defendant is located is owned by the New York City Department of Real Estate. The People further argue that the apartment in question is not tenanted and that no one has a right to be in it.
Defendant argues that police officers removed the apartment key from his person and immediately walked into his apartment, which he shares with the alleged tenant of the premises. Defendant pays rent to the tenant and buttresses that comment with a notarized letter from the alleged tenant which indicates that defendant is sharing the apartment and paying him rent for the right of sharing. Defendant’s position is simple: he is a tenant and had a “legitimate expectation of privacy.”
*177 The People rebut by saying, conceding for argument, even if defendant is paying rent, he is paying rent to a squatter who has no legal rights at all and therefore no Mapp hearing should be granted. (See People v Sumlin, 105 Misc 2d 134.)
A defendant has no right to have evidence excluded as violative of Fourth Amendment rights unless the rights violated were his own. (Rakas v Illinois, 439 US 128; People v Ponder, supra.)
While a defendant does not have to establish that he owns the premises or property subject to the search, he must show an invasion of his legitimate expectation of privacy (Katz v United States, 389 US 347).
There are two arguments of prosecution that have to be answered:
(1) Defendant has no absolute standing to a Mapp hearing as set down by the courts (United States v Salvucci, supra; Rakas v Illinois, supra; People v Ponder, supra).
(2) Even if defendant is a subtenant, he cannot derive any rights from one who has none, i.e., a squatter.
As to (1) — although defendant may have no “automatic standing,” that does not mean he has “no standing.” Webster states (Webster’s Seventh New Collegiate Dictionary): “automatic” is self-acting or having a self-acting or self-regulating mechanism. Webster states: standing is a position from which one may assert or enforce legal rights. “Automatic standing” would mean a defendant would have a self-acting mechanism that would enforce his legal rights to a Mapp hearing.
The defendant does not have that right even though he is charged with possession of the drugs. However, the defendant should be given an opportunity, if the facts merit, to have a hearing as to what standing, if any, defendant does have.
As to (2) — a squatter does not have any basic legal right to an apartment. However, the law is very clear that before a squatter can be evicted, a squatter has a right to contest any such eviction proceedings. There is no automatic eviction of a squatter. Whether defendant knew his subland *178 lord was a tenant or a squatter, the issue is whether he had an expectation of privacy in that apartment.
This court distinguishes People v Sumlin (supra), in this respect. As was indicated in Rawlings v Kentucky (448 US 98), the burden of proving defendant’s legitimate expectation of privacy is on the defendant.
This court orders a hearing wherein the court should determine whether defendant has any standing to have a Mapp hearing.